**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE ALONZO, On Behalf of Himself and All Others Similarly Situated,** | ) | **COLLECTIVE ACTION** |
| ***Plaintiff*,** | ) | **CASE NO. 5:26-cv-00397-MA** |
| **v.** | ) | **JUDGE MICAELA ALVAREZ** |
| **BABE'S OLD FASHIONED FOODS, INC., TONY OBEID, TONY OBEID JR., and TARA OBEID WANEK, d/b/a MILANO ON WURZBACH,** | ) | **JURY DEMAND** |
| ***Defendants*.** | ) | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

1. Plaintiff Jose Alonzo brings this action against Defendant Babe's Old Fashioned Foods, Inc., Tony Obeid, Tony Obeid Jr., and Tara Obeid Wanek, d/b/a Milano on Wurzbach (collectively "Defendants"), to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these claims as a collective action on behalf of himself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II. PARTIES

4. Plaintiff Jose Alonzo is over the age of nineteen (19) and is a resident of San

Antonio, Bexar County, Texas. Plaintiff Alonzo began working for Defendants at their Milano on Wurzbach restaurant in San Antonio from approximately May of 2023 through December of 2025. Plaintiff Alonzo started his employment with Defendants working as a Server, a position he held from approximately May of 2023 to June of 2025. Thereafter, Plaintiff Alonzo worked for Defendants as the General Manager of Defendants' Milano on Wurzbach restaurant and held this position from approximately June of 2025 to December of 2025. As a Server at Defendants' Milano on Wurzbach restaurant, Plaintiff Alonzo was paid an hourly wage below $7.25 per hour, plus customer tips (*i.e.*, Plaintiff was a Tip Credit Employee). As a General Manager at Defendants' Milano on Wurzbach restaurant, Plaintiff was paid an hourly wage above minimum wage.

5. Plaintiff brings this action on behalf of himself, and all similarly situated current and former employees of Defendants.

6. Defendant Babe's Old Fashioned Foods, Inc. is headquartered in San Antonio, Texas.

7. Defendant Babe's Old Fashioned Foods, Inc.'s mailing address on the Texas Secretary of State's website is 9207 Huebner Road, San Antonio, Texas 78240-1504.

8. Defendant Babe's Old Fashioned Foods, Inc. maintains a corporate office at 9207 Huebner Road, San Antonio, Texas 78240.

9. Defendant Babe's Old Fashioned Foods, Inc.'s registered agent, as listed on the Texas Secretary of State's website, is Tony Obeid.

10. Defendant Babe's Old Fashioned Foods, Inc.'s registered agent's mailing address, as listed on the Texas Secretary of State's website, is Tony Obeid at 9207 Huebner Road, San Antonio, Texas 78240.

11. Defendant Tony Obeid is an owner of Babe's Old Fashioned Foods, Inc.

12. Defendant Tony Obeid is also the President of Babe's Old Fashioned Foods, Inc. *See* Exhibit A.

13. Defendant Tony Obeid is also the Director of Babe's Old Fashioned Foods, Inc. *See* Exhibit A.

14. Defendant Tara Obeid Wanek is the Treasurer of Babe's Old Fashioned Foods, Inc. *See* Exhibit A.

15. Defendant Tara Obeid Wanek handles payroll for employees of Defendants.

16. Upon information and belief, Defendant Tony Obeid resides at 20440 Cielo Vista Lot 3, San Antonio, Texas 78225.

17. Upon information and belief, Defendant Tony Obeid Jr. resides at 16103 Santa Cathrena, San Antonio, Texas 78232.

18. Upon information and belief, Defendant Tara Obeid Wanek resides at 123 Cliffside Drive, Shavano Park, Texas 78231.

19. Upon information and belief, Defendant Tony Obeid Jr. is the son of Defendant Tony Obeid.

20. Upon information and belief, Defendant Tara Obeid Wanek is the daughter of Defendant Tony Obeid.

21. Defendants Babe's Old Fashioned Foods, Inc., Tony Obeid, Tony Obeid Jr., and Tara Obeid Wanek act as a family business and together they own, operate, oversee, manage, and profit, from it.

22. At all relevant times, Defendants have been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

23. At all relevant times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

24. At all relevant times, Defendants have been employers of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

## III. FACTS

25. Defendants own and operate several restaurants in and around the San Antonio, Texas area. These restaurants include the Babe's Old Fashioned Food restaurants and the Milano on Wurzbach restaurant.

### A. Facts applicable to Tip Credit Employees

26. Plaintiff and other similarly situated employees are current and former employees of Defendants at their Milano on Wurzbach restaurant in San Antonio, Texas who earned less than $7.25 per hour and received customer tips, and for whom Defendants took a tip credit for (herein referred to as "Tip Credit Employees"). Examples of Tip Credit Employees include servers and bussers.

27. Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below $7.25 per hour, plus customer tips.

28. Defendants purport to utilize a tip credit for each hour worked by Plaintiff and other Tip Credit Employees to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per hour for hours worked over forty (40) in a workweek). *See* 29 § U.S.C. §§ 203(m), 206, 207.

29. Because Defendants took a tip credit under the FLSA for their Tip Credit Employees, Defendants must meet all statutory requirements for counting a portion of tips received by their employees as satisfying the statutory minimum wage.

30. Defendants do not meet these statutory requirements for claiming a tip credit towards the minimum wage.

31. Defendants did not provide adequate notice to inform Plaintiff and other Tip Credit Employees of the tip credit provisions of 29 U.S.C. § 203(m)(2) or the fact that Defendants would rely on those provisions to satisfy their minimum wage and overtime obligations to Plaintiff and other Tip Credit Employees prior to taking the tip credit.

32. Defendants required Plaintiff and other Tip Credit Employees to work jobs in both tipped occupations and non-serving, non-tipped occupations while being paid an hourly wage below the applicable minimum wage. Examples of the type of substantial, non-serving, non-tipped work Tip Credit Employees performed include, but are not limited to: stocking and janitorial work.

33. At the beginning of their shifts, and prior to serving customers, and at the end of their shifts, after serving customers, Plaintiff and other Tip Credit Employees routinely spent several minutes to an hour performing substantial non-serving, non-tipped work.

34. For example, while working as a server, Plaintiff typically spent at least 30 minutes and often upwards of one (1) hour before the restaurant was open to customers—meaning when no customers were present in the restaurant or being served—performing work that was either wholly unrelated or not directly related to serving customers, for example, janitorial work, stocking, and food preparation, while being paid at a tipped hourly rate of less than $7.25. During this time, Plaintiff was employed in a non-serving, non-tipped occupation and Defendants may not utilize the tip credit.

35. Likewise, and continuing the example above, Plaintiff typically spent at least 30 minutes and often upwards of one (1) hour after serving his last customer performing work that was either wholly unrelated or not directly related to serving customers, for example, more

janitorial work, while being paid at a tipped hourly rate of less than $7.25. During this time, Plaintiff was employed in a non-tipped occupation and Defendants may not utilize the tip credit.

36. Also, throughout their scheduled shifts, during the time periods when customers were present in the restaurant, Tip Credit Employees also spent significant time performing non-serving, non-tipped work.

37. Under the FLSA, an employer may only take a tip credit for the work performed by the tipped employee that is part of the employee's tipped occupation.

38. Defendants also shifted their business expenses to Tip Credit Employees by requiring them to pay for certain items, such as aprons, wine keys, "crumbers," lighters, pens, and paper to take orders.

39. For example, when Plaintiff began working as a server for Defendants' Milano on Wurzbach restaurant, Defendants deducted money from Plaintiff's paycheck for the apron. Likewise, whenever Plaintiff's apron needed to be replaced (for example, the apron got damaged) Defendants deducted money from Plaintiff's paycheck for the new apron. Additionally, to work as a server, Plaintiff was required to purchase certain items (for example a wine key, crumber, lighter, pens, and an order pad), with his own money and without reimbursement from Defendants.

40. By requiring Plaintiff and other hourly-paid employees to purchase items required for their job(s), Defendants paid them less than the statutory minimum hourly wage.

41. Defendants knew or should have known that their compensation practices and / or policies for Tip Credit Employees violate the FLSA.

**B. Facts applicable to hourly, non-management employees (including Tip Credit Employees)**

42. Defendants employ managers at their Milano on Wurzbach restaurant, which they pay by the hour.

43. Defendants also employ servers, bartenders, bussers, cooks, and dishwashers at their Milano on Wurzbach restaurant, which they pay by the hour.

44. Defendants use the same computer timekeeping program that tracks the number of hours their managers, servers, bartenders, bussers, cooks, and dishwashers are clocked into work at Milano on Wurzbach.

45. Exhibit B attached hereto provides an example of the time records generated by Defendant's timekeeping program.

46. Rather than pay Plaintiff and the other hourly, non-management employees he seeks to represent for all the overtime hours captured and reflected in Defendants' time records, Defendants routinely disregarded their own time records and entered a number of hours less than the total number of hours these employees worked in a workweek into Defendants' payroll system to avoid paying these employees' overtime wages for all hours worked over forty (40) hours in a workweek.

47. While working as a server at Milano on Wurzbach (*i.e.*, in an hourly-paid, non-managerial role), Plaintiff worked over forty (40) hours in at least one work week.

48. Plaintiff and other hourly-paid, non-management employees at Defendants Milano on Wurzbach restaurant (*e.g.*, servers, bartenders, bussers, cooks, and dishwashers) were not paid for all the hours they worked, including all the hours they worked over forty (40) hours in a workweek.

49. While employed by Defendants as a General Manager of Defendants' Milano of Wurzbach restaurant, Plaintiff complained to Tony Obeid about Defendants pay practices for hourly-paid employees.

50. Defendant terminated Plaintiff's employment after Plaintiff complained about

Defendants' pay practices.

51. Defendants knew or should have known that their compensation practices and / or policies for hourly-paid, non-management employees violate the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into any one or more of the following categories and join this action by filing a consent form:

> All current and former Tip Credit Employees (defined as those who earned less than $7.25 per hour and received customer tips, and for whom Defendants took a tip credit for) of Defendants' who worked at Milano on Wurzbach at any time since January 23, 2023.

(hereinafter "the Tip Credit Collective"); and / or

> All current and former hourly-paid, non-management employees of Defendants who worked at Milano on Wurzbach at any time since January 23, 2023, and who worked over 40 hours in at least one workweek.

(hereinafter "the Overtime Collective").

53. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the similarly situated Opt-In Plaintiffs, as defined directly above, worked pursuant to the common pay policies and / or practices described herein.

## V. CAUSES OF ACTION

### COUNT I
### Violations of the FLSA's Minimum and Overtime Wage Requirements

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

56. At all times material to the allegations herein, Plaintiff and those similarly situated

were employees of Defendants and entitled to the FLSA's protections.

57. Defendants are employers covered by the FLSA.

58. The FLSA requires employees to be paid for all time worked.

59. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

60. The FLSA entitles employees to a minimum tipped hourly wage of $2.13 per hour for every hour worked. *See* 29 U.S.C. § 203(m)(2)(A)(i).

61. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

62. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

63. Defendants failed to meet all the FLSA's tip-credit requirements, as set forth above.

64. Further, while employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, employers may not utilize a tip credit to satisfy their minimum wage obligations to employees working in non-tipped occupations. *See* 29 C.F.R. § 531.56(e).

65. Defendants failed to pay Plaintiff and the other similarly situated employees the lawful minimum wage for the time they spent working in a non-tipped occupation, as set forth above.

66. Defendants failed to pay Plaintiff and the other Tip Credit Employees the lawful minimum wage for all hours worked by shifting business expenses onto them by requiring them to purchase certain items, such as aprons.

67. Defendants failed to pay Plaintiff and the other hourly-paid, non-management similarly situated employees (including the Tip Credit Employees defined herein) the lawful overtime wage for all hours worked over forty (40) hours in a workweek.

68. Defendants' violations of the FLSA were willful because Defendants knew or should have known that their pay policies and/or practices violate clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting Plaintiff and his counsel to send notice of this FLSA lawsuit, pursuant to 29 U.S.C. § 216(b), to all potential Opt-In Plaintiffs, including the Tip Credit Collective and the Overtime Collective (as defined above);

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations were willful and not in good faith;

E. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendants have failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: April 22, 2026

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)***
**JOSHUA A. FRANK (TN Bar No. 33294)***
**NICOLE A. CHANIN (TN Bar No. 40239)***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**DON J. FOTY**
FOTY LAW GROUP, P.C.
DFoty@fotylawgroup.com
Texas State Bar No. 24050022
2 Greenway Plaza, Suite 250
Houston, TX 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *First Amended Collective Action Complaint* was filed electronically with the Clerk's office by using the CM/ECF system on April 22, 2026, and served via CM/ECF on all counsel of record.

**Lawrence Morales II** (State Bar No. 24051077)
**Rachel Brooks** (State Bar No. 24150120)
THE MORALES FIRM, P.C.
6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
rachelbrooks@themoralesfirm.com

*Attorneys for Defendants*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, PLLC**

# EXHIBIT A

# FRANCHISE TAX ACCOUNT STATUS

This record as of January 15, 2026 at 12:06:03

# BABE'S OLD FASHIONED FOODS, INC.

| | |
|---|---|
| **Texas Taxpayer Number:** | 32093052671 |
| **Mailing Address:** | 9207 HUEBNER RD<br>SAN ANTONIO, TX 78240 - 1504 |
| **Right to Transact Business in Texas:** | ACTIVE |
| **State of Formation:** | TX |
| **SOS Registration Status (SOS status updated each business day):** | ACTIVE |
| **Effective SOS Registration Date:** | 12/28/2023 |
| **Texas SOS File Number:** | 0805355267 |
| **Registered Agent Name:** | TONY OBEID |
| **Registered Office Street Address:** | 9207 HUEBNER RD.<br>SAN ANTONIO, TX 78240 |

## Public Information Report for Year 2024

| Title | Name and Address |
|---|---|
| SECRETARY | **CINDY OBEID**<br>20440 CIELO VISTA LOT 3<br>SAN ANTONIO, TX 78255<br>**Source:** SOS |

| | |
|---|---|
| TREASURER | **TARA WANEK**<br>123 CLIFFSIDE DR<br>SHAVANO PARK, TX 78231<br>**Source:** SOS |
| VICE PRESI | **TONY JK OBEID**<br>16103 SANTA CATHRENA<br>SAN ANTONIO, TX 78232<br>**Source:** SOS |
| DIRECTOR | **TONY OBEID**<br>20440 CIELO VISTA LOT 3<br>SAN ANTONIO, TX 78255<br>**Source:** SOS |
| PRESIDENT | **TONY OBEID**<br>20440 CIELO VISTA LOT 3<br>SAN ANTONIO, TX 78255<br>**Source:** SOS |

Information on this site is obtained from the most recent Public Information Report (PIR) submitted to the Comptroller of Public Accounts (CPA) or from the most recent PIR processed by the Secretary of State (SOS). Annual PIRs submitted to the CPA are forwarded to the SOS.

# EXHIBIT B


40hrs
jakob alonzo
server
Reg Time 50.95 108.52
Overtime 0.00 0.00
Sales 3789.58
15% GRAT 22.70
Charge Tips 799.54
Reg Time 50.95 108.52
Overtime 0.00 0.00
Sales 3789.58
15% GRAT 22.70
Charge Tips 799.54
Dealer
65.80 658.00
0.00 0.00
65.80 658.00
0.00 0.00
SANTOS
10



Reg Time
Overtime
Sales
15% GRAT
Charge Tips

| | | |
|---|---|---|
| Reg Time | 31.72 | 67.56 |
| Overtime | 0.00 | 0.00 |
| Sales | | 2190.65 |
| 15% GRAT | | 8.30 |
| Charge Tips | | 440.73 |

jakob alonzo

server

| | | |
|---|---|---|
| Reg Time | 50.95 | 108.52 |
| Overtime | 0.00 | 0.00 |
| Sales | | 3789.58 |
| 15% GRAT | | 22.70 |
| Charge Tips | | 799.54 |

| | | |
|---|---|---|
| Reg Time | 50.95 | 108.52 |
| Overtime | 0.00 | 0.00 |
| Sales | | 3789.58 |
| 15% GRAT | | 22.70 |
| Charge Tips | | 799.54 |

joey alonzo

Dealer

| | | |
|---|---|---|
| Reg Time | 65.80 | 658.00 |
| Overtime | 0.00 | 0.00 |

| | |
|---|---|
| 65.80 | 658.00 |
| 0.00 | 0.00 |

12/02 10:00

| | | |
|---|---|---|
| | Out | 12/04 22:47 |
| | In | 12/05 16:50 |
| server | In | 12/03 16:00 |
| | Out | 12/03 22:24 |
| server | In | 12/07 11:45 |
| | Out | 12/07 21:20 |

---

jakob alonzo

| | | |
|---|---|---|
| server | In | 12/01 11:55 |
| | Out | 12/01 21:49 |
| server | In | 12/02 12:01 |
| | Out | 12/02 23:06 |
| server | In | 12/03 12:15 |
| | Out | 12/03 22:24 |
| server | In | 12/05 11:41 |
| | Out | 12/05 14:00* |
| server | In | 12/06 15:52 |
| | Out | 12/06 23:47 |
| server | In | 12/07 11:45 |
| | Out | 12/07 21:20 |

---

joey alonzo

| | | |
|---|---|---|
| Dealer | In | 12/01 9:00* |
| | Out | 12/01 11:37 |
| Dealer | In | 12/02 10:02 |
| | Out | 12/03 0:03 |
| Dealer | In | 12/04 9:00* |
| | Out | 12/04 23:20 |
| Dealer | In | 12/04 23:21 |
| | Out | 12/05 0:28 |
| Dealer | In | 12/05 17:24 |
| | Out | 12/05 23:44 |
| Dealer | In | 12/06 9:39 |
| | Out | 12/07 0:45 |