**FILED**
November 03, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOSE ALONZO, *On Behalf of Himself and All Others Similarly Situated*,

Plaintiff,

v. — 5:26-CV-00397-MA

BABE'S OLD FASHIONED FOODS, INC., TONY OBEID, TONY OBEID JR., and TARA OBEID WANEK, D/B/A MILANO ON WURZBACH,

Defendants.

**OPINION AND ORDER**

The Court now considers the "Joint Motion for Approval of Settlement and to Dismiss with Prejudice,"[1] filed by named Plaintiff Jose Alonzo, on behalf of himself and the Opt-In Plaintiffs (collectively, "Plaintiffs"),[2] and Defendants Babe's Old Fashioned Foods, Inc., Tony Obeid, Tony Obeid Jr., and Tara Obeid Wanek (collectively, "Defendants") (collectively, the "parties"). In their motion, the parties represent that they have "reached what they believe to be a fair and reasonable resolution of the Plaintiffs' claims . . . subject to Court approval."[3] The parties further request that the Court dismiss this action with prejudice.[4] Having considered the motion, record, and relevant legal authorities, the Court hereby **GRANTS** the motion.

---

[1] Dkt. No. 38.
[2] The following individuals filed notices of consent to join this action: Jose Alonzo, Jakob Alonzo, Makayla Gerst, Kaylee Griffith, Edward Knight, Jade Mann, Rachel Olivares, Richard Terrazas, Drina Trujillo, and Keagan Lee Westoff (Dkt. No. 2); Adriana M. Dorantes, Viola Dorantes, and Ruben Garza (Dkt. No. 30); Chris Garza (Dkt. No. 31); Juan Manuel Bazan III (Dkt. No. 32); Valerie Villegas (Dkt. No. 33); Mya Bailey (Dkt. No. 34); and Jared Cowan (Dkt. No. 35).
[3] Dkt. No. 38, at 1.
[4] Dkt. No. 38, at 2, 4.

## I. Factual and Procedural Background

This is a Fair Labor Standards Act ("FLSA") case arising from Defendants' alleged failure to compensate Plaintiff and other similarly situated workers for work performed at Defendants' Milano on Wurzbach restaurant in San Antonio, Texas.[5] After the Court authorized notice to be sent out to putative opt-in plaintiffs, twenty plaintiffs opted in to this proceeding;[6] however, Opt-In Plaintiff Alex Don Sayfi later withdrew consent,[7] and Opt-In Plaintiff Jessica Corbett was dismissed without prejudice because she did not work for Defendants at their Milano on Wurzbach restaurant within the defined time period.[8] Thus, eighteen plaintiffs remain.

On September 24, 2026, the parties filed the instant Motion for Approval of Settlement.[9] In their motion, the parties represent that a settlement agreement was reached between Defendants and the eighteen remaining Plaintiffs during a mediation held on September 10, 2026, which the parties request that the Court now review and approve.

## II. Discussion

### a. Legal Rule

A covered employer who violates the FLSA minimum-wage statute, 29 U.S.C. § 206, or the FLSA overtime-compensation statute, 29 U.S.C. § 207, is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."[10]

The Fifth Circuit has held that a "private compromise as to FLSA claims where there is a

[5] Dkt. No. 27, ¶¶ 25–53.
[6] Jose Alonzo, Jakob Alonzo, Makayla Gerst, Kaylee Griffith, Edward Knight, Jade Mann, Rachel Olivares, Richard Terrazas, Drina Trujillo, and Keagan Lee Westoff (Dkt. No. 2); Adriana M. Dorantes, Viola Dorantes, and Ruben Garza (Dkt. No. 30); Chris Garza (Dkt. No. 31); Juan Manuel Bazan III (Dkt. No. 32); Valerie Villegas (Dkt. No. 33); Mya Bailey (Dkt. No. 34); and Jared Cowan (Dkt. No. 35).
[7] Dkt. No. 16.
[8] Dkt. No. 39.
[9] Dkt. No. 38.
[10] *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 251 n.3 (5th Cir. 2012) (quoting 29 U.S.C. § 216(b)).

bona fide dispute as to the amount of hours worked or compensation due . . . is enforceable . . . ."[11] Where a dispute over such terms remains, however, courts in this district have followed the Eleventh Circuit's approach, which permits a district court to enter a stipulated judgment "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement," upon finding that "the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"[12]

**b. Discussion**

In their motion, the parties assert that they "disagree about the merits of Plaintiffs' claims, the viability of Defendants' defenses, and the proper calculation of damages[.]"[13] The Court agrees that there are bona fide disputes in this case concerning the merits and damages calculations of Plaintiffs' claims and, accordingly, finds that approval of the settlement is warranted.

The parties' proposed settlement agreement comprises an offer of $90,000, inclusive of $45,000 in attorneys' fees and costs. The parties proffer the affidavit of Nicole A. Chanin, counsel for Plaintiffs, who attests that "the allocation of the settlement funds payable to Plaintiffs is based on the application of common formulas that utilize the . . . payroll and time data produced by Defendants . . . on a *pro rata* basis[.]"[14] Chanin further attests that:

> For the Plaintiffs—and after accounting for the requested attorneys' fees and costs—the settlement represents a recovery equal to nearly all of their respective potential tip-credit and overtime wage recovery under a FLSA 3-year statute of limitations analysis and more than 100% of their respective recovery under a FLSA 2-year statute of limitations analysis. In short, the Settlement provides Plaintiffs with a significant and meaningful recovery without the delay and risk associated with protracted litigation.[15]

---

[11] *Martin*, 688 F.3d at 255 (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp.2d 608, 621 (W.D. Tex. 2005)).
[12] *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).
[13] Dkt. No. 38, at 5.
[14] Declaration of Nicole A. Chanin, Dkt. No. 38-3, ¶ 7.
[15] Declaration of Nicole A. Chanin, Dkt. No. 38-3, ¶ 7.

The Court has conducted a review of the terms of the settlement agreement proffered by the parties and concludes that the settlement is fair and reasonable resolution of the bona fide disputes in this action. The Court notes that paragraph 4(c) (sic)[16] of the proposed settlement agreement provides that dismissal is to occur on the initiative of "Plaintiffs' Counsel, the Named Plaintiff, and the Settlement Class" "[w]ithin five (5) days of receipt of the Settlement Proceeds."[17] However, the instant motion to approve seeks immediate dismissal.[18] Having approved the settlement agreement, the Court will enforce the dismissal provisions and await a motion for, or stipulation of, dismissal as provided in § 4(c) of the Settlement Agreement.

## HOLDING AND CONCLUSION

Accordingly, the parties' Joint Motion for Approval of Settlement and to Dismiss with Prejudice[19] is hereby **GRANTED**. The parties' Settlement Agreement is **APPROVED** in all respects.

IT IS SO ORDERED.

DONE this 2nd day of November, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

[16] The Court observes that ¶ 4 has two sections designated as § 4(c), the first between §§ 4(b) and 4(d) and the second following § 4(d). The Court refers exclusively to the latter provision in this Order.
[17] Dkt. No. 38-1, at 6.
[18] *See* Dkt. No. 38, at 1–2.
[19] Dkt. No. 38.